UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  2:25-cv-01493-MCS-AS     Date  May 2, 2025

Title  *Adams-King v. Starbucks Corp.*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                  None Present

**Proceedings:**   (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 13) AND STIPULATION TO STAY PENDING ARBITRATION (ECF NO. 24) (JS-6)

Defendant Starbucks Corporation removed this employment action by Plaintiff Crystal Adams-King from state court, invoking diversity jurisdiction. (Notice of Removal, ECF No. 1; Compl., ECF No. 3.) Plaintiff filed a motion to remand the case to state court, which is fully briefed. (Mot., ECF No. 13; Opp'n, ECF No. 19; Reply, ECF No. 21.) At the scheduling conference, the Court signaled it would deny the motion and ordered the parties to submit either a stipulation to stay pending arbitration or a motion to compel arbitration. (Mins., ECF No. 23.) The parties thereafter stipulated to stay the case pending arbitration. (Stip., ECF No. 24.)

The motion to remand is denied. The motion is procedurally defective in that the parties failed to conduct a prefiling conference of counsel before the motion. C.D. Cal. R. 7-3; (*see* McDermott Decl. ¶ 2, ECF No. 19-1). The motion fails on the merits because the Court clearly has diversity jurisdiction. Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over cases between citizens of different states in which the amount of controversy exceeds $75,000. 28

U.S.C. § 1332(a). Here, Plaintiff is a citizen of California, and Defendant is a citizen of Washington. (Compl. ¶ 1; Notice of Removal ¶¶ 5–9.) The citizenship of fictitiously named defendants is disregarded. 28 U.S.C. § 1441(b)(1). Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold given Plaintiff's $85,000 prelitigation settlement demand, which appears to reflect a reasonable estimate of the value of the case given the relief sought in the complaint, which includes back pay, punitive damages, and attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); (*see* Compl. ¶ 19, Prayer for Relief ¶¶ 1–4; Notice of Removal ¶ 10; Slowik Decl. Ex. F, ECF No. 3).

Satisfied in its jurisdiction, the Court grants the stipulation for an order staying the action pending arbitration of Plaintiff's claims against Defendant. The Court orders the parties to submit Plaintiff's claims to arbitration within 30 days pursuant to the terms of the parties' arbitration agreement and the Federal Arbitration Act. *See* 9 U.S.C. § 5. The case is stayed pending resolution of the arbitration. *See id.* § 3. The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court.

The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the conclusion of arbitration proceedings.

**IT IS SO ORDERED.**